STEPHEN L. COHEN
Email: cohens@sec.gov
STACEY M. NAHRWOLD
Email: nahrwolds@sec.gov

Attorneys for Plaintiff:
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-4030
Telephone: (202) 551-4472
Facsimile:  (202) 772-9245

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Case No. 2:08-CV-457-ECR-PAL |
| v. | |
| COMPASS CAPITAL GROUP, INC., MARK A. LEFKOWITZ, ALVIN L. DAHL, JOHN R. DUMBLE, JOHN C. HOPF, KEVIN D. ROMNEY, and SHANE H. TRAVELLER, | |
| Defendants. | |

**FINAL JUDGMENT AS TO DEFENDANTS MARK A. LEFKOWITZ AND COMPASS CAPITAL GROUP, INC.**

The Securities and Exchange Commission having filed a Complaint and Defendants Mark A. Lefkowitz and Compass Capital Group, Inc. (hereinafter "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the

allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act

[15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(d) of the Exchange Act [15 U.S.C. § 78m(d)] and Rule 13d-1 thereunder [17 C.F.R. § 240.13d-1] by failing to file a

Schedule 13D or 13G with the Commission upon acquiring more than five percent of the outstanding equity security of a class which is registered pursuant to Section 12 of the Exchange Act.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by, directly or indirectly, making use of the mails or the means or instrumentalities of interstate commerce to effect transactions in, or to induce or attempt to induce the purchase and sale of, securities without being registered as a broker or dealer with the Commission or associated with a broker or dealer registered with the Commission.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(6) of the Exchange Act [15 U.S.C. § 78u(d)(6)], Defendants are barred, for five (5) years following the date of entry of this Final Judgment, from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are jointly and severally liable for disgorgement of $750,000, representing profits gained as a result of the conduct alleged in the Complaint, and Defendant Mark A. Lefkowitz shall pay a civil penalty in the amount of $50,000 pursuant to Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)(6)] and Section 20(d)(2) of the Securities Act [15 U.S.C. § 77t(d)(2)].  Defendants shall satisfy this obligation by paying the ordered amounts within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission.  The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Mark A. Lefkowitz and Compass Capital Group, Inc. as defendants in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consents are incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: November 30, 2009.

_____
THE HONORABLE EDWARD C. REED, JR.
SENIOR UNITED STATES DISTRICT JUDGE