STEPHEN L. COHEN
Email:  cohens@sec.gov
STACEY M. NAHRWOLD
Email:  nahrwolds@sec.gov

Attorneys for Plaintiff:
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-4030
Telephone:  (202) 551-4472
Facsimile:   (202) 772-9245

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

_____
                        :

**SECURITIES AND EXCHANGE**  :
**COMMISSION,**  :
                        :
        **Plaintiff,**  :      **Case No. 2:08-CV-457-ECR-PAL**
                        :
      **v.**  :
                        :
**COMPASS CAPITAL GROUP, INC.,**  :
**MARK A. LEFKOWITZ,**  :      **ORDER**
**ALVIN L. DAHL,**  :
**JOHN R. DUMBLE,**  :
**JOHN C. HOPF,**  :
**KEVIN D. ROMNEY, and**  :
**SHANE H. TRAVELLER,**  :
                        :
        **Defendants.**  :
_____:

## FINAL JUDGMENT AS TO DEFENDANT JOHN C. HOPF

The Securities and Exchange Commission having filed a Complaint and Defendant John

C. Hopf (hereinafter "Defendant") having entered a general appearance; consented to the Court's

jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final

Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal

from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

2

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 20(g) of the Securities Act [15 U.S.C. § 77t(g)], Defendant is barred, for one year following the date of entry of this Final Judgment, from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $107,198, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $46,907, for a total of $154,105.  Based on Defendant's sworn representations in his Statement of Financial Condition dated September 9, 2009, and other documents and information submitted to the Commission, however, the Court is not ordering Defendant to pay a civil penalty and payment of all but $110,000 of the disgorgement and pre-judgment interest thereon is waived. Defendant shall satisfy this obligation by paying $110,000 pursuant to the payment schedule set forth in paragraph IV below after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying John C. Hopf as a

Defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  A copy of the letter and form of payment shall also be simultaneously delivered to the Commission's counsel.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

The determination not to impose a civil penalty and to waive payment of all but $110,000 of the disgorgement and pre-judgment interest is contingent upon the accuracy and completeness of Defendant's Statement of Financial Condition.  If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law.  In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made.  In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment.  The Commission may also request additional discovery.  Defendant may not, by way of defense to such petition:  (1) challenge the validity of the Consent or this Final

Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that

payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not

be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment

interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6)

assert any defense to liability or remedy, including, but not limited to, any statute of limitations

defense.

IV.

Hopf shall pay $110,000 in seven (7) installments according to the following schedule:

(1) $25,000, within fourteen days of the entry of this Final Judgment; (2) $15,000 within six

months of the entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. §

1961; (3) $15,000 within 12 months of the entry of this Final Judgment plus post-judgment

interest pursuant to 28 U.S.C. § 1961; (4) $15,000 within eighteen months of the entry of this

Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (5) $15,000 within

twenty-four months of the entry of this Final Judgment plus post-judgment interest pursuant to

28 U.S.C. § 1961; (6) $15,000 within thirty months of the entry of this Final Judgment plus post-

judgment interest pursuant to 28 U.S.C. § 1961; and (7) $10,000 within thirty-six months of the

entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961.

If the Defendant fails to make any payment by the date agreed and/or in the amount

agreed according to the schedule set forth above, all outstanding payments under this Final

Judgment, including post-judgment interest, minus any payments made, shall become due and

payable immediately without further application to the Court.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:   April 5, 2010

THE HONORABLE EDWARD C. REED, JR.
SENIOR UNITED STATES DISTRICT JUDGE